**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 05-4050**

―――――――――

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

LARRY EDWARD CARTER, JR.,

                                        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-03-320)

―――――――――

Submitted:  September 2, 2005        Decided:  October 6, 2005

―――――――――

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Jill E. M. HaLevi, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  John Charles Duane, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Larry Edward Carter, Jr., appeals his convictions and sentence for one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Carter's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in her opinion, there are no meritorious issues for appeal. Although concluding that such allegations lacked merit, counsel asserts that the district court erred in denying Carter's motion to suppress evidence and in its consideration of dismissed counts as relevant conduct in determining Carter's sentence. Counsel also asserts that Carter's sentence violates Blakely v. Washington, 542 U.S. 296 (2004). Carter filed a pro se supplemental brief. Finding no reversible error, we affirm.

In the Anders brief, counsel asserts that the district court erred in denying Carter's motion to suppress evidence based on Fourth, Fifth, and Sixth Amendment violations. We find that the district court did not clearly err in finding that there was reasonable suspicion that criminal activity was afoot as required under Terry v. Ohio, 392 U.S. 1, 30 (1968). We further find that

the district court did not clearly err in finding no evidence to support Carter's claims that he did not receive <u>Miranda</u>[*] warnings.

Counsel also questions the court's consideration of dismissed counts as relevant conduct in its sentencing determination. We find that the court's consideration of Carter's previous charges of possession of a firearm by a convicted felon was proper. We further find that even if Carter's sentence violated the Sixth Amendment, that error was harmless. The harmless error standard permits an error at sentencing to be disregarded if the reviewing court is certain that any such error "did not affect the district court's selection of the sentence imposed." <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992). Here, because the district court explained that it would impose an alternate discretionary sentence that was identical to the guideline sentence, the error inherent in the application of the guidelines as mandatory did not affect the court's ultimate determination of the sentence, nor Carter's substantial rights.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Carter's convictions and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed,

---

[*] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>